**In re KADIJAH A. et al.**

**No. 98–448–Appeal.**

Supreme Court of Rhode Island.

April 28, 2000.

Thomas J. Corrigan, Jr., Charles Greenwood, Providence, for plaintiff.

Paula Rosin, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before us for oral argument on April 3, 2000, pursuant to an order that directed all parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and, therefore, we proceed to decide the issues at this time.

The respondent mother, Willena (respondent or mother), has appealed from a Family Court judgment that terminated her parental rights to three children, Kadijah, age six, Keilana, age seven, and Kayla, age four. The parental rights of three separate fathers, or putative fathers, were also terminated by default judgments that have not been appealed. A trial was held before a justice of the Family Court, who issued a written decision finding that the Department of Children, Youth and Families (DCYF) had proven by clear and convincing evidence: (1) that the three children had been in the care of DCYF for at least twelve months, (2) that the mother had a chronic substance abuse problem, (3) that she had not completed any treatment program arranged for her by DCYF, (4) that her prognosis was poor, and (5) that it was highly questionable that she would ever complete a treatment program.

On the basis of these findings, he concluded that the mother was unfit to parent her children and that it was in their best interests to terminate the mother's parental rights to help them achieve stability and permanency in a possible pre-adoptive setting, where Kayla had been since she was two weeks old, and Kadijah and Keilana had been for approximately one and one-half years.

Testimony was elicited from various social workers who had been assigned to implement plans for reunification on behalf of the mother. They testified concerning various programs to which the mother had been assigned. In substance, the testimony indicated that the mother never had successfully completed any recommended drug treatment program in which she enrolled through the sponsorship of DCYF. Nor had she completed any drug program in which she may have independently enrolled. During the period of the mother's involvement with DCYF, she had been extremely mobile, living at seven different addresses. Although the mother had been homeless for a period, the trial justice found that homelessness was not the primary barrier to reunification with her children.

The mother was offered and received services to correct the situation that led to the placement of her children. DCYF set up case plans to help her work toward reunification with the children, referred her to drug treatment programs, and encouraged her to obtain psychological and substance-abuse evaluations. She did not cooperate in any of these programs nor did she complete any of the drug programs to which she was referred.

For example, the mother was discharged from a Woonsocket shelter in December 1995, in part, for having positive cocaine screens. She subsequently enrolled in the day treatment program at Talbot House on March 14, 1996, with an initial diagnosis of polysubstance abuse. She did not complete that program. She enrolled in Advent House in 1997 to get help in understanding her drug problem. This program was not completed. The trial justice found from the totality of evidence that her drug problem was chronic and unlikely to be cured or significantly ameliorated.

Our review of the record indicates that there was ample evidence to support the trial justice's finding that respondent mother had been proven unfit by clear and convincing evidence to parent her children. Our review of the findings of a trial justice sitting without a jury is extremely deferential. Such findings are

entitled to great weight and will not be disturbed unless they are clearly wrong or unless the trial justice has misconceived or overlooked material evidence. *In re Kristen B.*, 558 A.2d 200, 204 (R.I.1989). In the case at bar, we are of the opinion that the findings of the trial justice were supported by competent evidence. *See In re Jennifer R.*, 667 A.2d 535, 536 (R.I.1995) ("this [C]ourt must examine the record to determine if legally competent evidence exists to support the trial justice's findings"). His finding that DCYF made reasonable efforts to reunify respondent with her children, and that such efforts were unavailing because of respondent's refusal to complete any program to which she was referred, was amply supported by the evidence.

For the foregoing reasons, the appeal of the respondent mother is denied. The judgment of termination of parental rights entered in the Family Court is hereby affirmed and the papers in the case are remanded to the Family Court.