**In re MAYA C. et al.**

**No. 99–26–Appeal.**

Supreme Court of Rhode Island.

Jan. 8, 2001.

Thomas J. Corrigan, Jr., Providence, Frank P. Iacono, Jr., Deborah A. Palombo, for Plaintiff.

Catherine A. Gibran, Paula Rosin, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on November 9,.2000, pursuant to an order directing the respondent-mother to appear and show cause why the issues raised in this appeal should not be summarily decided. The respondent mother, Suzette (the mother), has appealed from a Family Court decree terminating her parental rights to two of her children, Maya, born December 8, 1994, and Maleeka, born November 7, 1995.[1] After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The facts of this case reveal a mother with a chronic substance abuse problem who continually demonstrated an inability to engage in meaningful treatment. After a trial was held before a justice of the Family Court, a written decision was issued finding that the Department of Children, Youth and Families (DCYF) had proven by clear and convincing evidence: (1) that the two children had been in the care of DCYF for at least twelve months, (2) that the mother had a chronic substance abuse problem, (3) that she had not completed any treatment program arranged for her by DCYF, (4) that her prognosis was poor, and (5) that based upon her past history of relapse, it was unlikely that DCYF could place the children with their mother in the reasonable future with confidence of their safety. On the basis of these findings, the trial justice concluded that the mother was unfit to parent her children and that it was in their best interests to terminate the mother's parental rights in order to help the children maintain their present stability at the foster home where they both have been for most of their lives and where they receive good care and have a close relationship with their foster mother.

The mother asserts on appeal that DCYF failed to provide sufficient evidence to prove that she was an unfit mother, and contends that the evidence demonstrated that visits with her children have been appropriate and that she has a strong and loving bond with them. She asserts that the trial justice erroneously focused too much on her early history of substance abuse, failed to give full consideration to her present status, and avers that termination of parental rights is not appropriate in cases only involving substance abuse of the parents. She additionally asserts that

1. The parental rights of the children's father, Michael, also were terminated and no appeal was taken. The mother's five other children all live with their father, Walter.

DCYF failed to provide services to assist her in overcoming her issues involving domestic violence.

■ At trial, various social workers testified that they had implemented plans for reunification on behalf of the mother. Essentially, they indicated that the mother had failed to successfully complete any of the nineteen recommended drug treatment programs in which she enrolled through the sponsorship of DCYF.

The only witness who testified positively about the mother's potential for rehabilitation was Mary Cameron (Cameron), a drug counselor at the MAP Program. She testified that she had been treating the mother from July 1996 through the time of trial in January 1998. Cameron said that as part of the mother's treatment, she had suggested to her that she move out of her environment and that she leave the father who was abusive to her. She stated that the mother's involvement with the father explains her previous relapses. She testified that she believed that the mother's prognosis looked "good" and that to her knowledge, the mother actually had moved out of her old residence. She acknowledged that while the mother was still involved with the father, she was unsure whether they were residing with each other. The mother later admitted that her relationship with the father was "rocky," involved a history of domestic violence and several separations, and that currently they still were residing together.

The record indicates that urine screens were conducted through August 27, 1997, as part of the mother's treatment.[2] Four tested positive for cocaine. On November 14, 1996, the very same day that she tested positive for cocaine, the mother told Cameron that she was not abusing any substances. Since August 27, 1997, the mother has been self-reporting to Cameron and she testified at trial that she had not used cocaine since April 1997.

■ The mother relies upon cases from other jurisdictions to support her contention that termination of parental rights is not appropriate in cases where the parents only have substance abuse problems. This assertion is unavailing because it ignores both the statutory language contained in G.L.1956 § 15–7–7 and established Rhode Island case law. *See, eg., In re Eric K.,* 756 A.2d 769 (R.I.2000) (per curiam); *In re Kadijah A.,* 749 A.2d 587 (R.I.2000) (per curiam); *In re Tinisha P.,* 697 A.2d 622 (R.I.1997). Section 15–7–7 provides that clear and convincing evidence of chronic substance abuse is *prima facie* evidence of parental unfitness.[3]

"In reviewing cases involving termination of parental rights, this Court must examine the record to determine whether legally competent evidence exists to support the findings of the trial justice." *In re Eric K.,* 756 A.2d at 772 (citing *In re Lori Ann D.,* 666 A.2d 403, 405 (R.I.1995)). "The factual findings of a trial justice are entitled to great weight, and will not be

2. On August 27, 1997, funding for the urine screens expired. Although funding was reestablished in October 1997, no subsequent urine screens had been conducted.

3. General Laws 1956 § 15–7–7(a) provides in pertinent part that:
"The court shall * * * terminate any and all legal rights of the parent to the child * * * if the court * * * finds as a fact by clear and convincing evidence that:
* * *
(2) The parent is unfit by reason of conduct or conditions seriously detrimental to the child; such as, but not limited to, the following:

* * *
(iii) The child has been placed in the legal custody or care of the department for children, youth, and families and the parent has a chronic substance abuse problem and the parent's prognosis indicates that the child will not be able to return to the custody of the parent within a reasonable period of time, considering the child's age and the need for a permanent home. The fact that a parent has been unable to provide care for a child for a period of twelve (12) months due to substance abuse shall constitute prima facie evidence of a chronic substance abuse problem."

disturbed unless the trial justice was clearly wrong or misconceived material evidence." *Id.* (citing *In re Zachary A.,* 690 A.2d 853, 854 (R.I.1997)).

The record reveals the findings of the trial justice were supported by an abundance of competent evidence attesting to a ten- to fifteen-year history of drug abuse. The undisputed evidence shows that since 1990, the mother has been unable to remain substance-free for any significant period; indeed, even the mother admitted to this fact at trial. The trial justice did not overlook any relevant or material evidence, and accorded due weight to the favorable testimony for the mother. He acknowledged her recent progress, but noted that she had not yet completed treatment and that her "history shows a pattern of sobriety followed by relapse." He additionally found that "part of counseling is relapse prevention" and that although she had been advised to separate from the father as part of treatment, "she and [the father] were still living together."

In view of the mother's long history of chronic substance abuse, her inability to successfully complete treatment, and her history of repeated relapses coupled with the fact that she still lives in an environment that promotes such relapses, we are satisfied that the trial justice had clear and convincing evidence before him to support his decision. Additionally, we are satisfied that he adequately accorded due consideration to the mother's progress before terminating her parental rights.

With respect to the mother's assertion that DCYF should have provided services to assist her in overcoming her domestic violence issues, the trial justice noted that the evidence identified substance abuse as the mother's primary issue and the trial testimony revealed "that until that issue was satisfactorily dealt with, it would not be productive to deal with domestic violence and other issues." We are satisfied that the trial justice accorded adequate consideration to the domestic violence issue and did not err in terminating the mother's parental rights for reasons of chronic substance abuse.

For the foregoing reasons, we deny the appeal and affirm the decree of the Family Court. The papers in the case may be remanded to the Family Court.